UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2003 DEC -8 P 12: 19
U.S. DISTRICT COURT
DISTRICT OF MASS.

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor
         Plaintiff

v.

J. BIOTTI, INC., JOSEPH BIOTTI III, and
the ESTATE OF JOSEPH BIOTTI, JR.,
         Defendants
* * * * * * * * * * * * * * * * * * * * * * * * *
```

03 12465 GAO

CIVIL ACTION
FILE NO.   MAGISTRATE JUDGE _____

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1)     This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA.

(2)     The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3)     Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

(4)     Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, ("Secretary") is charged with the responsibility of protecting the interests of participants in, and beneficiaries of, employee benefit plans, pursuant to ERISA.

(5)     J. Biotti, Inc. (hereinafter, the "Company") is a Massachusetts Corporation with its principal place of business at 97 Adams Street, Newton, MA 02459. The Company is in the construction business and acts as a general contractor.

(6)     The J. Biotti, Inc. 401(k) Plan (hereinafter, the "Plan") is a defined contribution pension plan established on March 15, 1996 by the Company. The Plan is an employee benefit plan pursuant to ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).

(7)     The Company is the Plan Sponsor and has served as the Plan Administrator of the Plan continuously from March, 1996 to the present.

(8)     In its capacity as Plan Administrator, the Company has exercised and continues to exercise discretionary authority or discretionary control respecting the management of the Plan, has exercised and continues to exercise authority or control respecting management or disposition of the assets of the Plan, and has exercised and continues to exercise discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, it has functioned as and has been a fiduciary as defined by ERISA §3(21), 29 U.S.C. §1002(21) and a party in interest to the Plan pursuant to ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C) during the pertinent period.

(9)     Joseph Biotti III is the President of the Company, has carried out the functions of the Plan Administrator, and has controlled the finances of the Company.

(10)    Joseph Biotti III has exercised and continues to exercise discretionary authority or discretionary control respecting the management of the Plan, has exercised and continues to exercise authority or control respecting management or disposition of the assets of the Plan, and has exercised and continues to exercise discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, he has functioned as and continues to function as a fiduciary as defined by ERISA §3(21), 29 U.S.C. §1002(21) and is a party in interest to the Plan

pursuant to ERISA §3(14)(A) and (H), 29 U.S.C. §1002(14)(A) and (H) during the pertinent period.

(11) Joseph Biotti III is a participant of the Plan.

(12) Joseph Biotti Jr. exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the assets of the Plan, and exercised discretionary authority or discretionary responsibility in the administration of the Plan from March, 1996 until he became incapacitated in 2001. Therefore, he functioned as a fiduciary as defined by ERISA §3(21), 29 U.S.C. §1002(21) and was a party in interest to the Plan pursuant to ERISA §3(14)(A) and (H), 29 U.S.C. §1002(14)(A) and (H) during a portion of the period covered by this complaint.

(13) Joseph Biotti, Jr., who died in September 2002, was a participant of the Plan and his estate is the beneficiary of his account.

## ALLEGED VIOLATIONS

(14) The allegations incorporate paragraphs (1) - (13).

(15) Defendants, the Company, Joseph Biotti III and Joseph Biotti, Jr., failed to discharge their fiduciary duties with respect to the Plan solely in the interests of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and failed to act in accordance with plan documents, in violation of ERISA §§404(a)(1)(A),(B), and (D), 29 U.S.C. §§1104(a)(1)(A),(B), and (D) by, among other things, (1) failing to transmit amounts withheld from employee paychecks to the Plan and diverting such money, which became assets of the Plan pursuant to Department of Labor Regulation at 29 CFR 2510.3-102, for uses unrelated to the Plan, including for the daily operations of the Company, and (2) depositing Plan assets

returned by the Plan custodian into a Company account on or about May, 2001, and utilizing such Plan assets for the daily operations of the Company.

(16) By the actions set forth in paragraph (15), the Defendants caused the Plan to engage in transactions that they knew or should have known constituted direct or indirect transfers to or uses by or for the benefit of, a party in interest, of assets of the Plan in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(17) By the actions set forth in paragraph (15), the Defendants dealt with assets of the Plan in their own interest and for their own accounts, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1) and acted in transactions involving the Plan on behalf of a party (or representing a party) whose interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

(18) The allegations set forth in paragraph (15) have caused losses to the Plan.

(19) Defendants violated ERISA §§403(a) and 403(c)(1) by failing to hold Plan assets in Trust.

(20) Defendant J. Biotti, Inc., the Plan Administrator, violated ERISA §§103(a)(1)(A) and 104(a)(1) by failing to file forms 5500 for 1999, 2000 and 2001.

(21) Defendant J. Biotti, Inc., the Plan Administrator, violated ERISA §§101(a)(2) and 104(b) by failing to issue Summary Annual Reports for 1999, 2000, and 2001.

## Relief Sought

WHEREFORE, the Secretary prays that this Court enter an Order:

1. Permanently enjoining the Defendants from violating the provisions of Title I of ERISA.

2. Requiring all of the Defendants jointly and severally to restore all monies due to the Plan as a result of their fiduciary breaches, as well as lost earnings resulting from said breaches.

3. Requiring Defendants to undo all prohibited transactions in which they engaged or for which they are liable.

4. Requiring Defendants to disgorge all profits gained as a result of their engagement or participation in prohibited transactions.

5. Requiring Defendants Joseph Biotti III and the Estate of Joseph Biotti, Jr. to offset their own account balances in order to make non-fiduciary participants whole.

6. Requiring Defendants to appoint an Independent Fiduciary for the Plan.

7. Requiring Defendants to ensure the proper filing of all forms required by ERISA on behalf of the Plan.

8. Awarding Plaintiff the costs of this action and such further relief as is just and appropriate.

Respectfully submitted,

Howard M. Radzely
Acting Solicitor of Labor

Post Office Address:

U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Suite E-375
Boston, MA 02203
(617) 565-2500

Frank V. McDermott, Jr.
Regional Solicitor of Labor

_Marjorie A. Butler_
Marjorie A. Butler
Attorney (BBO#548797)
U.S. Department of Labor
Attorneys for Complainant