UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,
                    Plaintiff

                    CIVIL ACTION FILE NO.

v.

J. Biotti, Inc., Joseph Biotti, III, and the
Estate of Joseph Biotti, Jr.,

**03  12465 GAO**

                    Defendants

## CONSENT JUDGMENT AND ORDER

Defendants J. Biotti, Inc., Joseph Biotti III, and the Estate of Joseph Biotti, Jr. and Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("DOL"), have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

Plaintiff has filed her Complaint and Defendants have waived service and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

Defendants neither admit nor deny the allegations of the Complaint.

WHEREAS, Defendants have paid the sum of $71,035.02 to the J. Biotti, Inc. 401(k) Plan (hereinafter, the "Plan") for the purpose of addressing violations alleged in the Complaint;

and

WHEREAS, Defendants and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants J. Biotti, Inc. and Joseph Biotti III are hereby permanently enjoined from the date of entry of this Judgment from engaging in any action in violation of the provisions of §404 and §406 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1104 and §1106..

2. Marcia S. Wagner, Esq. of The Wagner Law Group, One Financial Center, 25th Floor, Boston, MA 02111 is herein appointed Independent Fiduciary to the Plan for the purpose of currently maintaining the Plan, making final distributions and terminating the Plan in conformance with applicable government regulations, as well as filing all required forms to bring the Plan into compliance with applicable government regulations. The Independent Fiduciary shall have all the powers given to the Trustee pursuant to the Plan documents. Defendants shall not have the right to terminate Ms. Wagner's services without Court approval. In the event Ms. Wagner's service as Independent Fiduciary is terminated for any other reason, Defendant Joseph Biotti III shall notify the DOL in writing within ten days of said termination of services. Notification shall be sent to the Office of the Solicitor, JFK Federal Building, Room E-375, Boston, MA 02203. A successor Independent Fiduciary must be appointed within sixty (60) days by mutual agreement between Defendant Joseph Biotti III and the DOL with Court approval.

3. The Independent Fiduciary shall allocate the following amounts from the aforementioned $71,035.02 to the accounts of the following individuals:

Bowles, Joseph P. - $13,115.85

Cheschi, Francis J. - $20,474.25

Cornelia, James - $15,266.34

Crownover, Jody - $12,148.53

Merriam, Paul J. - $7,452.19

These amounts represent contributions withheld from employee paychecks plus interest at 8% compounded.

4. The remaining $2,577.86 that has been restored to the Plan shall be applied toward payment of Plan expenses including but not limited to preparation of any Forms 5500 required to be filed for the Plan.

5. Defendants J. Biotti, Inc. and Joseph Biotti III shall pay to the Independent Fiduciary all additional fees as may be incurred in maintaining said Plan, filing all required forms, terminating said Plan and making said distributions, including such expenses as may be incurred by third parties hired by the Independent Fiduciary to carry out the duties as set forth herein and in the Plan documents.

6. Defendant Joseph Biotti III is hereby permanently enjoined from the date of entry of this Judgment from serving as a fiduciary to any ERISA covered plan.

7. Defendants J. Biotti, Inc. and Joseph Biotti III shall assist the Independent Fiduciary in carrying out the tasks set forth above, including but not limited to signing required documents on behalf of the Plan Sponsor and providing any necessary records within the custody or control of the Defendants.

8. Defendant Joseph Biotti III, for himself and those claiming by or through him shall waive any and all claims against, or right to participate in the Plan now or at any time in the

future.

9. The Estate of Joseph Biotti Jr. for itself and those claiming by or through it shall waive any and all claims, or right to participate in the Plan now or at any time in the future.

10. Defendants shall pay any penalties assessed by the DOL within twenty days of receiving an assessment letter and shall waive all defenses to said penalty, except Defendants may seek a waiver for financial hardship.

11. Defendants shall pay $10,000 to the DOL pursuant to the penalty imposed by U.S. District Court Judge George O'Toole on May 21, 2003 in partial satisfaction of the Secretary's costs incurred in a Subpoena Enforcement action relating to this matter. (Chao v. J. Biotti, Inc., Civil Action No.1:02-mc-10192) Payment shall be made over a period of ten months in payments of $1,000 per month to the Department of Labor beginning on November 1, 2003 and continuing on the first day of each month through August 1, 2004.

12. Except as set forth in paragraph (11), each party shall bear its own fees, costs, and expenses in connection with this action.

13. The Court shall maintain jurisdiction over this matter only for the purposes of enforcing this Consent Judgment and Order.

14. Nothing in this Order is binding on any government agency other than the DOL.

IT IS SO ORDERED THIS 23rd DAY OF December, 2003.

_____
United States District Judge

Defendant J. Biotti, Inc. hereby moves for entry of this judgment:

*[signature]* PRES

Defendant Joseph Biotti III hereby moves for entry of this judgment:

*[signature]*

Ellen A. Biotti hereby consents to the entry of this Judgment and waives any claims against the J. Biotti, Inc. 401(k) Plan.

*[signature: Ellen A. Biotti]*

Estate of Joseph Biotti, Jr. hereby consents to the entry of this judgment and waives any claims against the J. Biotti, Inc. 401(k) Plan

*[signature: Catherine A. Biotti]*

Plaintiff moves for the entry of this Judgment:

Howard M. Radzely
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*[signature: Marjorie Butler]*
Marjorie A. Butler
Attorney

U.S. Department of Labor
Attorneys for the Plaintiff

Mailing Address:
Office of the Regional Solicitor
United States Department of Labor
JFK Federal Building, Rm.E-375
Government Center
Boston, MA 02202

Phone: (617) 565-2500
Facsimile: (617) 565-2142